AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the
District of Colorado

| | |
|---|---|
| In the Matter of the Search of: | |
| INFORMATION ASSOCIATED WITH APPLE ID ACCOUNTS: | ) |
| (1) carsonfugie@hotmail.com | ) |
| (2) drogo1498@icloud.com | ) |
| (3) usalawu@yahoo.com | ) |
| (4) uasalawu@icloud.com | ) |
| (5) asha.halverson@gmail.com | ) |
| (6) peter_mensah100@outlook.com | ) |
| (7) boyofash100@outlook.com | ) |
| THAT ARE STORED AT PREMISES CONTROLLED BY APPLE, INC. | |

Case No. 20-sw-1256-MEH

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _Colorado and elsewhere_ *(identify the person or describe the property to be searched and give its location)*:

**SEE "ATTACHMENT A"** attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE "ATTACHMENT B"** attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establishes probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before ___November 4, 2020___ *(not to exceed 14 days)*

☐ in the daytime  6:00 a.m. to 10 p.m.   ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ___Michael E. Hegarty___.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for _____ days *(not to exceed 30).*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __10/21/2020, 4:23 pm__

_Michael E. Hegarty_
*Judge's signature*

City and state:   __Denver, CO__

Michael E. Hegarty, U.S. Magistrate Judge
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| Certification |
|---|

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

**ATTACHMENT A**

**Property to Be Searched**

This warrant applies to information associated with the following Apple ID accounts that are stored at premises owned, maintained, controlled, or operated by Apple Inc., a company headquartered at Apple Inc., One Apple Park Way, Cupertino, California, 95014:

(1) carsonfugie@hotmail.com
(2) drogo1498@icloud.com
(3) usalawu@yahoo.com
(4) uasalawu@icloud.com
(5) asha.halverson@gmail.com
(6) peter_mensah100@outlook.com
(7) boyofash100@outlook.com

1

<u>**ATTACHMENT B**</u>

**Particular Things to be Seized**

**I.      Information to be disclosed by Apple**

To the extent that the information described in Attachment A is within the possession, custody, or control of Apple, regardless of whether such information is located within or outside of the United States, including any messages, records, files, logs, or information that have been deleted but are still available to Apple, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), including on September 22, 2020,September 23, 2020 and October 14, 2020. Apple is required to disclose the following information to the government, in unencrypted form whenever available, for each account or identifier listed in Attachment A:

a.      All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers, email addresses (including primary, alternate, rescue, and notification email addresses, and verification information for each email address), the date on which the account was created, the length of service, the IP address used to register the account, account status, associated devices, methods of connecting, and means and source of payment (including any credit or bank account numbers);

b.      All records or other information regarding the devices associated with, or used in connection with, the account (including all current and past trusted or authorized iOS devices and computers, and any devices used to access Apple services), including serial numbers, Unique Device Identifiers ("UDID"), Advertising Identifiers ("IDFA"), Global Unique Identifiers ("GUID"), Media Access Control ("MAC") addresses, Integrated Circuit Card ID numbers

1

("ICCID"), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifiers ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Numbers ("MSISDN"), International Mobile Subscriber Identities ("IMSI"), and International Mobile Station Equipment Identities ("IMEI");

      c.     The contents of all emails associated with the account, including stored or preserved copies of emails sent to and from the account (including all draft emails and deleted emails), the source and destination addresses associated with each email, the date and time at which each email was sent, the size and length of each email, and the true and accurate header information including the actual IP addresses of the sender and the recipient of the emails, and all attachments;

      d.     The contents of all instant messages associated with the, including stored or preserved copies of instant messages (including iMessages, SMS messages, and MMS messages) sent to and from the account (including all draft and deleted messages), the source and destination account or phone number associated with each instant message, the date and time at which each instant message was sent, the size and length of each instant message, the actual IP addresses of the sender and the recipient of each instant message, and the media, if any, attached to each instant message;

      e.     The contents of all files and other records stored on iCloud, including all iOS device backups, all Apple and third-party app data, all files and other records related to iCloud Mail, iCloud Photo Sharing, My Photo Stream, iCloud Photo Library, iCloud Drive, iWork (including Pages, Numbers, Keynote, and Notes), iCloud Tabs and bookmarks, and iCloud

2

Keychain, and all address books, contact and buddy lists, notes, reminders, calendar entries, images, videos, voicemails, device settings, and bookmarks;

      f.      All activity, connection, and transactional logs for the account (with associated IP addresses including source port numbers), including FaceTime call invitation logs, messaging and query logs (including iMessage, SMS, and MMS messages), mail logs, iCloud logs, iTunes Store and App Store logs (including purchases, downloads, and updates of Apple and third-party apps), My Apple ID and iForgot logs, sign-on logs for all Apple services, Game Center logs, Find My iPhone and Find My Friends logs, logs associated with web-based access of Apple services (including all associated identifiers), and logs associated with iOS device purchase, activation, and upgrades;

      g.      All records and information regarding locations where the account or devices associated with the account were accessed, including all data stored in connection with Location Services, Find My iPhone, Find My Friends, and Apple Maps;

      h.      All records pertaining to the types of service used;

      i.      All records pertaining to communications between Apple and any person regarding the account, including contacts with support services and records of actions taken; and

      j.      All files, keys, or other information necessary to decrypt any data produced in an encrypted form, when available to Apple (including, but not limited to, the keybag.txt and fileinfolist.txt files).

      Apple is hereby ordered to disclose the above information to the government within fourteen days of issuance of this warrant.

**II.     Information to be seized by the government**

All information described above in Section I that constitutes fruits, evidence and/or instrumentalities of violations of Title 18 United States Code Sections 371 (conspiracy) 1343 (wire fraud) and 1956 (money laundering), including, for each account or identifier listed on Attachment A, information pertaining to the following matters from June 1, 2018 until the present:

a.     Records and information relating to a conspiracy or scheme to defraud individuals;

b.     Records and information related to the transfer and use of proceeds derived from a scheme to defraud individuals;

c.     Any records relating to the persons responsible for or involved in a conspiracy or scheme to defraud, including the individuals: Abriele Fugelberg Kosin, Daro Kosin, Ayodele Fasanya, Adebayo Fasanya, Asha Halverson, Usman Salawu, James Fan Furst, Dioli Guarneri, Andrew Hansen, Christiana Montee, Albert Leonard, and Casper Forbes.  And any records relating to any entities affiliated with the individuals named within this affidavit which include: Full Exposure LLC, QG Autos LLC, Quagmire Global LLC

d.     Any records relating to employees, owners, governors, members, contractors or individuals with any affiliation with Full Exposure LLC, QG Autos LLC, Quagmire Global LLC;

e.     Any records and information related to financial transactions attempted and/or conducted, including but not limited to any and all financial and accounting records, electronic payment transfers, wire transfers, deposits, withdrawals, electronic money transfer applications,

4

cashier's checks, certified funds payments, money order services, safe deposit keys, records of income, payments, expenditures, W-2s, 1099s, other IRS, federal, state or local tax records, payroll records, and similar documents;

f.      Any records related to the Town of Erie, Colorado and Sema Construction;

g.      Records and information relating to the names, addresses, telephone numbers, e-mail addresses, social media accounts and any other user profile of perpetrators, aiders and abettors, and co-conspirators in a conspiracy to defraud individuals;

h.      Any records and information relating to the use or attempted use of online dating websites or online relationship platforms, to include but not limited to Match.com, Zoosk and Singleparent.com;

i.      Any records and information relating to the use or initiation of e-mail accounts, electronic messaging accounts, telephone numbers, and other forms of electronic or digital communication;

j.      Any records and information relating to online and/or electronic accounts utilized to induce and/or request financial transactions;

k.      The identity of the person(s) who created or used the Apple ID, including records that help reveal the whereabouts of such person(s);

l.      Evidence indicating how and when the account was accessed or used, to determine the chronological and geographic context of account access, use and events relating to the crime under investigation and the account subscriber;

m.      Any records pertaining to the means and source of payment for services connected to the Apple accounts (including any credit card or bank account number or digital money transfer account information);

n.      Evidence indicating the subscriber's state of mind as it relates to the crime under investigation; and

o.      Evidence that may identify any co-conspirators or aiders and abettors, including records that help reveal their whereabouts.

**III.**      This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant.  The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.  Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

**IV.**      If the government identifies seized communications to/from an attorney, the investigative team will discontinue review until a filter team of one or more government attorneys and other government personnel, as needed, is established. The filter team will have no previous or future involvement in the investigation of this matter. The filter team will identify and segregate communications to/from attorneys, which may or may not be subject to attorney-client privilege. At no time will the filter team advise the investigative team of the substance of any of the

6

communications to/from attorneys. The filter team then will provide all communications that do not involve an attorney to the investigative team, and the investigative team may resume its review. If the filter team believes that any of the communications to/from attorneys are not actually privileged (e.g., the communication includes a third party), and if the investigation is not covert, the filter team will first seek to obtain agreement from the appropriate defense counsel before providing these attorney communications to the investigative team.   If consulting with defense counsel is not possible or does not produce an agreement, the filter team will obtain a court order before providing these attorney communications to the investigative team.