IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH APPLE ID ACCOUNTS:<br>  (1)  carsonfugie@hotmail.com<br>  (2)  drogo1498@icloud.com<br>  (3)  usalawu@yahoo.com<br>  (4)  uasalawu@icloud.com<br>  (5)  asha.halverson@gmail.com<br>  (6)  peter_mensah100@outlook.com<br>  (7)  boyofash100@outlook.com<br>THAT ARE STORED AT PREMISES CONTROLLED BY APPLE, INC. | Case No.  20-sw-1256-MEH<br><br>**Filed Under Restriction** |

**MOTION FOR ORDER TO RESTRICT CASE, FOR NON-DISCLOSURE AND FOR ORDER TO KEEP ACCOUNT ACTIVE**

The United States of America, by and through Tim Neff, Assistant United States Attorney, moves the Court to enter an Order that Apple, Inc. ("Provider") not notify the listed subscribers, customers, or any other person of the existence of the Search Warrant ("Application and Court Order"), except as necessary to comply with the Court's Order or to obtain legal advice, for a period of one year.  As part of this Motion, the United States moves to restrict the above-captioned case, this Motion, and the Court's Order at Level 3.  As grounds therefore, it submits the following:

1. Restriction of the case and documents at Level 3 is appropriate under D.C.Colo.LCrR 47.1 for the following reasons:  1) the interests stated herein outweigh the presumption of public access; 2) clearly defined and serious injury would result if access is not restricted at Level 3, and; 3) only restricted access will adequately protect the interests in question.  The Application

1

and Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.  Disclosure will cause the targets(s) to flee from prosecution, result in the destruction or tampered evidence, result in the intimidation or endangerment of potential witnesses, and/or change the target(s) pattern of behavior.  Specifically, if the targets prematurely learned of the FBI's investigation, some of them may attempt to destroy, delete or otherwise remove evidence located on various accounts or cloud based storage systems which agents have yet to identify.  Similarly, some of the targets may attempt to obstruct justice and intimate witnesses by influencing such witnesses to not cooperate with federal agents should the investigation be revealed at this time.  Finally, some targets may also attempt to flee the United States to their home countries in the event this affidavit were made public at this time.  Accordingly, it is necessary to maintain the secrecy of the investigation.  Restricting access to the case and documents is the only practicable way to maintain the secrecy of the investigation and to adequately protect these concerns.

2.   Furthermore, Provider is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the above-captioned process, which requires Provider to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

3. For the reasons stated above and pursuant to the Court's authority under Title 18, United States Code, Sections 2703(b)(1)(A) and 2705(b), the Government respectfully requests that this Court also order the Provider to whom the Application and Court Order applies is directed not to disclose the existence or content of the any of the documents in the above-named matter, as well as this Motion and the Court's Order restricting these documents, except to personnel essential to compliance with the execution of the Court's Order or to obtain legal advice. In addition, Providers will sometimes shut down accounts that are the subject of ongoing investigations once they receive warrants, court orders, or subpoenas. Even without disclosing the nature of the investigative process that it has received, if Providers take such action, they will alert the targets that an investigation is ongoing. This could result in the same consequences as outlined above. So as not to alert the target(s) of the ongoing investigation, the Government also respectfully requests that the Court order that the Provider not shut down the account or otherwise take any adverse action against the account because of the Application and Court Order.

WHEREFORE, the United States further requests this Motion and the Court's Order be restricted at Level 3 until further order of the Court. Further, pursuant to Title 18, United States Code, Sections 2703(b)(1)(A) and 2705(b), the United States respectfully moves that the Provider be ordered not to disclose the existence or content of the Application and Court Order for a period of one year from the date of the Order, other than to its personnel essential for compliance with the Application and Court Order or for the purpose of receiving legal advice. The United States also requests that this Court order that the Provider not shut down the accounts

or otherwise take any adverse action against the accounts because of its receipt of the Application and Court Order until one year from the date of the order.

        Respectfully submitted,

        JASON R. DUNN
        United States Attorney

        *s/ Tim R. Neff*
        By:  Tim R. Neff
        Assistant U.S. Attorney
        1801 California Street, Ste. 1600
        Denver, CO 80202
        Telephone: 303-454-0100
        E-mail: Tim.Neff@usdoj.gov
        Attorney for the Government